[No. 1392.]

## M. M. HALL *v.* THE STATE.

1. OBSTRUCTING PUBLIC ROADS—EVIDENCE.—In a trial for obstructing a public road the public character of the road may be established by proof of long continued use of it as such, and by an order of the county court assigning hands to work on it as a public road. But mere travel over a route for a short period does not make it a public road.

2. SAME—CHARGE OF THE COURT.—See the opinion *in extenso* for a charge of the court *held*, error, as invading the province of the jury, and as being upon the weight of evidence.

APPEAL from the County Court of Kaufman. Tried below before the Hon. W. Charlton, County Judge.

The appellant in this case was convicted upon an information charging him with the obstruction of a public road, and his punishment was assessed at a fine of one dollar.

The opinion fully discloses the single issue in the case. The motion for new trial assailed the charge of the court, and impugned the verdict as unsustained either by law or the evidence.

*H. P. Teague,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. In *Berry* v. *The State,* 12 Texas Ct. App., 249, it was held that in a trial for obstructing a public road the public character of the road might be established by proof of long continued use of it as such, and by an order of the county court assigning hands to work on it as a public road. (Citing *McWhirter* v. *The State,* 43 Texas, 666; *Michael* v. *The State,* 12 Texas Ct. App., 108.)

In the case before us the road charged to have been obstructed was that portion of a public road which had been changed by order of the commissioners' court in 1880. It was a material question made by the evidence whether in fact the fence built by defendant was or was not built across this road as changed by the said court's order. The court charged the jury "that if

a line of travel, after said change was granted, was adopted by the public travel, and a plainly beaten roadway was tramped out, used and adopted by the traveling public, commencing at the northeast corner of Watkins's tract and running westerly to a point at or near the school house in Baker's Prairie, and that the roadway was recognized by the overseers and the traveling public as the public road established by said change, then said traveled public roadway would, in law, be the public road as established and located by said change, although said roadway might not, in point of fact, when tested by the compass, strictly follow the due and exact course and boundary lines called for in the order of the commissioners' court granting said change."

This instruction is not only upon the weight of evidence, but it is not the law. It invaded the province of the jury and determined the only question before them, that is, whether the road obstructed was, in fact, a public road, made so legally. In the cases above cited it required *long continued use* and also recognition and control by the county court to establish the character of the road as public. But we know of no law which will give the public the right, simply by user for a short time, to disregard wholly a road as legally established and establish one for themselves. If they can do so, why have they any road law at all, and why require any formalities to be observed by, or duties imposed upon commissioners' courts and others with regard to the establishment or change of roads? (Revised Statutes, Title 87, Chapter 1, and specially Articles 4367 and 4375.)

If the road obstructed was not a legal public road, then defendant was not guilty. Whether it was or was not, was a question of fact to be found by the jury under the circumstances of this case. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 18, 1882.